UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY L. COBB,<br><br>            Plaintiff,<br><br>      v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>            Defendant. | NO. C14-1352-MJP-JPD<br><br>REPORT AND RECOMMENDATION |

Plaintiff Gary L. Cobb appeals the final decision of the Commissioner of the Social Security Administration ("Commissioner") that denied his applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-33 and 1381-83f, after a hearing before an administrative law judge ("ALJ"). For the reasons set forth below, the Court recommends that the Commissioner's decision be AFFIRMED.

I.      FACTS AND PROCEDURAL HISTORY

Plaintiff is a 54-year-old man with a high school education[1] and additional training as a welder. Administrative Record ("AR") at 317. His past work experience includes

---

[1] Plaintiff sometimes reported that his education ended in third grade, and other times reported that he graduated from high school. *See* AR at 402, 524, 695.

REPORT AND RECOMMENDATION - 1

employment as a construction foreman and welder. AR at 318, 333. Plaintiff was last gainfully employed in 2006 or 2007. AR at 316, 318.

On December 28, 2009, Plaintiff protectively filed for DIB and SSI, alleging an onset date of May 24, 2007. AR at 159-60, 282-96. Plaintiff asserts that he is disabled due to mental memory problems, nerve damage, leg weakness and cramps, a gunshot wound, nightmares, and illiteracy. AR at 316.

The Commissioner denied Plaintiff's claim initially and on reconsideration. AR at 165-68, 170-90. Plaintiff requested a hearing, which took place on February 14, 2012, and September 7, 2012. AR at 40-158. On March 29, 2013, the ALJ issued a decision finding Plaintiff not disabled and denied benefits based on his finding that Plaintiff could perform his past work as well as other jobs that exist in significant numbers in the national economy. AR at 14-34. Plaintiff's administrative appeal of the ALJ's decision was denied by the Appeals Council, AR at 1-4, making the ALJ's ruling the "final decision" of the Commissioner as that term is defined by 42 U.S.C. § 405(g). On September 2, 2014, Plaintiff timely filed the present action challenging the Commissioner's decision. Dkt. 1, 3.

## II.     JURISDICTION

Jurisdiction to review the Commissioner's decision exists pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

## III.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

REPORT AND RECOMMENDATION - 2

*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

The Court may direct an award of benefits where "the record has been fully developed and further administrative proceedings would serve no useful purpose." *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002) (citing *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)). The Court may find that this occurs when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting the claimant's evidence; (2) there are no outstanding issues that must be resolved before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled if he considered the claimant's evidence.

*Id.* at 1076-77; *see also Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (noting that erroneously rejected evidence may be credited when all three elements are met).

## IV.   EVALUATING DISABILITY

As the claimant, Mr. Cobb bears the burden of proving that he is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if his impairments are

of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy.  42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act.  *See* 20 C.F.R. §§ 404.1520, 416.920.  The claimant bears the burden of proof during steps one through four.  At step five, the burden shifts to the Commissioner.  *Id.*  If a claimant is found to be disabled at any step in the sequence, the inquiry ends without the need to consider subsequent steps.  Step one asks whether the claimant is presently engaged in "substantial gainful activity."  20 C.F.R. §§ 404.1520(b), 416.920(b).[2]  If he is, disability benefits are denied.  If he is not, the Commissioner proceeds to step two.  At step two, the claimant must establish that he has one or more medically severe impairments, or combination of impairments, that limit his physical or mental ability to do basic work activities.  If the claimant does not have such impairments, he is not disabled.  20 C.F.R. §§ 404.1520(c), 416.920(c).  If the claimant does have a severe impairment, the Commissioner moves to step three to determine whether the impairment meets or equals any of the listed impairments described in the regulations.  20 C.F.R. §§ 404.1520(d), 416.920(d).  A claimant whose impairment meets or equals one of the listings for the required twelve-month duration requirement is disabled.  *Id.*

When the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner must proceed to step four and evaluate the claimant's residual functional capacity ("RFC").  20 C.F.R. §§ 404.1520(e), 416.920(e).  Here, the

---

[2] Substantial gainful activity is work activity that is both substantial, i.e., involves significant physical and/or mental activities, and gainful, i.e., performed for profit.  20 C.F.R. § 404.1572.

REPORT AND RECOMMENDATION - 4

Commissioner evaluates the physical and mental demands of the claimant's past relevant work to determine whether he can still perform that work. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant is able to perform his past relevant work, he is not disabled; if the opposite is true, then the burden shifts to the Commissioner at step five to show that the claimant can perform other work that exists in significant numbers in the national economy, taking into consideration the claimant's RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Tackett*, 180 F.3d at 1099, 1100. If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled and benefits may be awarded.

## V.   DECISION BELOW

On March 29, 2013, the ALJ found:

1. The claimant has knowingly made incorrect statements and knowingly provided false information material to this determination. This evidence has been disregarded.

2. The claimant meets the insured status requirements of the Act through March 31, 2012.

3. The claimant has not engaged in substantial gainful activity since May 24, 2007, the alleged onset date.

4. The claimant's mild degenerative disc disease, status-post gunshot wound, and coronary artery disease are severe.

5. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.

6. The claimant has the RFC to perform a full range of medium work.

7. The claimant is capable of performing past relevant work as a combination welder and construction superintendent, and can also perform other jobs.

8. The claimant has not been under a disability, as defined in the Act, from May 24, 2007, through the date of the decision.

AR at 19-34.

REPORT AND RECOMMENDATION - 5

## VI.    ISSUES ON APPEAL

The principal issues on appeal are:

1. Whether the ALJ erred in assessing the opinions of examining providers; and

2. Whether substantial evidence supports the ALJ's finding that Plaintiff retains the RFC to sustain the full range of medium work without further limitation.

Dkt. 12 at 1-2.

## VII.    DISCUSSION

A.    <u>The ALJ Did Not Err in Assessing the Medical Opinions</u>.

Plaintiff argues that the ALJ erred in discounting the opinions of many examining providers, because the reasons the ALJ provided to discount those opinions were not legitimate. The Court will address each disputed opinion in turn.

1. *Legal Standards*

As a matter of law, more weight is given to a treating physician's opinion than to that of a non-treating physician because a treating physician "is employed to cure and has a greater opportunity to know and observe the patient as an individual." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007). A treating physician's opinion, however, is not necessarily conclusive as to either a physical condition or the ultimate issue of disability, and can be rejected, whether or not that opinion is contradicted. *Magallanes*, 881 F.2d at 751. If an ALJ rejects the opinion of a treating or examining physician, the ALJ must give clear and convincing reasons for doing so if the opinion is not contradicted by other evidence, and specific and legitimate reasons if it is. *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1988). "This can be done by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (citing *Magallanes*, 881 F.2d at 751). The ALJ must do more than

merely state his/her conclusions. "He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Id*. (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988)). Such conclusions must at all times be supported by substantial evidence. *Reddick*, 157 F.3d at 725.

The opinions of examining physicians are to be given more weight than non-examining physicians. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Like treating physicians, the uncontradicted opinions of examining physicians may not be rejected without clear and convincing evidence. *Id.* An ALJ may reject the controverted opinions of an examining physician only by providing specific and legitimate reasons that are supported by the record. *Bayliss,* 427 F.3d at 1216.

Opinions from non-examining medical sources are to be given less weight than treating or examining doctors. *Lester*, 81 F.3d at 831. However, an ALJ must always evaluate the opinions from such sources and may not simply ignore them. In other words, an ALJ must evaluate the opinion of a non-examining source and explain the weight given to it. Social Security Ruling 96-6p, 1996 WL 374180, at *2 (Jul. 2, 1996). Although an ALJ generally gives more weight to an examining doctor's opinion than to a non-examining doctor's opinion, a non-examining doctor's opinion may nonetheless constitute substantial evidence if it is consistent with other independent evidence in the record. *Thomas*, 278 F.3d at 957; *Orn*, 495 F.3d at 632-33.

2.    *Raymond West, M.D.*

Dr. West examined Plaintiff in October 2007, in connection with Plaintiff's prior application for benefits. AR at 699-704. Dr. West noted that Plaintiff reported limitations on his standing and walking that Dr. West found lacking objective support, and he "[r]egrett[ed]" that he did not have access to any imaging studies of Plaintiff's lumbar spine or pelvis that

REPORT AND RECOMMENDATION - 7

would have informed his opinion. AR at 703. With those qualifiers, Dr. West opined that Plaintiff would be able to stand and walk for up to five hours cumulatively during an eight-hour workday, and sit up to five hours cumulatively. AR at 703-04. Dr. West noted that Plaintiff used a cane intermittently, and reported that it was recommended by a physician; Dr. West found that its use was "desirable." AR at 704.

The ALJ indicated that he afforded "little weight" to Dr. West's opinion because Dr. West himself noted that he did not have access to Plaintiff's imaging studies, and that he found Plaintiff's self-limitations to be unsupported. AR at 31. The ALJ also noted that Plaintiff failed to disclose that he had worked as a welder that same year; Plaintiff reported to Dr. West that he had been unable to work for the "past 5-7 years." AR at 700. The ALJ therefore presumed that Dr. West's opinion was based on Plaintiff's non-credible self-reporting and subjective performance on examination, and therefore lacked reliability. AR at 31.

Plaintiff argues that Dr. West's opinion was in fact based on his objective physical examination, and that Dr. West would have noted malingering or questioned Plaintiff's veracity if he had reason to suspect a lack of credibility. Dkt. 12 at 6. Plaintiff overlooks the fact that Dr. West *did* question the veracity of Plaintiff's self-reported limitations, and found him to be more capable than alleged. AR at 703. Dr. West also noted that Plaintiff put forth poor effort on his straight leg raising. *Id*. These factors support the ALJ's rejection of Dr. West's opinion, and undermine Plaintiff's challenge. *See Thomas*, 278 F.3d at 958 (affirming an ALJ's rejection of an opinion based on a one-time, subjective physical examination performance, where the ALJ properly discounted the claimant's credibility).

Furthermore, Plaintiff argues that even if Dr. West's opinion was rendered in reliance on his self-report, Dr. West's opinion should have been credited because Dr. West "provided ample clinical observation and justification for his conclusions[,]" and "did not note concern

REPORT AND RECOMMENDATION - 8

regarding the Plaintiff's reports." Dkt. 12 at 6-7. As noted above, Dr. West did note concern regarding Plaintiff's reports. And Dr. West cited no clinical observations or justifications for his conclusions: he only cited evidence that he would have liked to have been able to access before rendering his opinion. AR at 703. Thus, Plaintiff has not established error in the ALJ's assessment of Dr. West's opinion.

        3.      *Kavitha Chunchu, M.D.*

Dr. Chunchu examined Plaintiff in September 2010, and concluded that he could stand and walk for more than two but less than six hours per workday, and could sit for less than two hours without interruption. AR at 562-66. Dr. Chunchu reported that Plaintiff had used a cane ever since his pelvic fracture, and that the cane was medically necessary. AR at 565.

The ALJ noted that Plaintiff failed to disclose to Dr. Chunchu that he had worked as a welder in 2007, 2008, and 2010, and that Dr. Chunchu did not have access to imaging results showing that his hip and pelvis are normal, and that his degenerative disc disease is only mild. AR at 31. Dr. Chunchu also was unaware of Plaintiff's drug abuse, or his malingering diagnoses. *Id*. The ALJ also noted that Plaintiff reported to Dr. Chunchu that he had been using a cane ever since his pelvic fracture, which occurred more than twenty years prior, even though Plaintiff had reported to Dr. West that he had used the cane intermittently since 2003. AR at 29 (discussing AR at 565, 701). In light of Dr. Chunchu's limited perspective on Plaintiff's condition, the ALJ gave "little weight" to her opinion. *Id*.

Plaintiff argues that it is not clear that Dr. Chunchu asked about Plaintiff's work history or drug use, and thus the omitted information is not necessarily relevant to her examination. Dkt. 12 at 8. On the contrary, Dr. Chunchu's report contains a discussion of Plaintiff's drug and alcohol history that is inconsistent with other reports of record. *See* AR at 563. Dr. Chunchu also reported that Plaintiff described his work as a welder as a "prior career," and did

REPORT AND RECOMMENDATION - 9

1  not report any current work activities. AR at 562-63.

2  Furthermore, although Plaintiff argues that the ALJ only speculated that Dr. Chunchu

3  did not have access to his records indicating a previous malingering diagnosis (Dkt. 12 at 8),

4  Dr. Chunchu specifically indicated which records she reviewed, and those records did not

5  include the malingering diagnosis. *See* AR at 562. Plaintiff offers no plausible theory as to

6  how a malingering diagnosis would *not* be material, and thus has failed to show that the ALJ's

7  inference is not reasonable. Dr. Chunchu's lack of access to a full picture of Plaintiff's

8  impairments is a legitimate reason to discount her opinion. *See* 20 C.F.R. §§

9  404.1527(c)(2)(ii), 416.927(c)(2)(ii) (providing that the more knowledge a provider has about a

10 claimant's condition entitles the ALJ to afford more weight to that provider's opinion);

11 *Dykeman v. Astrue*, 2008 WL 5246315, at *6 (E.D. Wash. Dec. 16, 2008) (affirming an ALJ's

12 rejection of an examining physician's opinion rendered without access to the longitudinal

13 record). Accordingly, Plaintiff has failed to establish that the ALJ's reasons for discounting

14 Dr. Chunchu's opinion were not legitimate.

15  4. *Edward Miller, M.D.*

16  Dr. Miller completed a DSHS form opinion in October 2010. AR at 568-69. Dr. Miller

17 opined that Plaintiff could stand for 45 minutes out of an eight-hour workday, could not sit at

18 all, and could lift thirty pounds frequently. AR at 568. Dr. Miller indicated that he had not

19 reviewed any of Plaintiff's medical records. AR at 569.

20  The ALJ rejected Dr. Miller's opinion as (1) inconsistent with Plaintiff's ability to

21 stand for two hours at the administrative hearing, and (2) unsupported by any reference to

22 clinical findings, and thus presumably based on non-credible self-reporting. AR at 31.

23  Plaintiff argues that the ALJ erred in speculating that Dr. Miller's opinion relied on his

24 self-reporting. Dkt. 12 at 9. Plaintiff identifies no other support for Dr. Miller's conclusions,

however, and absolutely no supporting evidence is cited by Dr. Miller. Therefore, the ALJ's inference is reasonable and should be affirmed. *See Thomas*, 278 F.3d at 957 ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.").

5. *Kendall Parks, PAC*

Ms. Parks evaluated Plaintiff in May 2008, in connection with his previous application for benefits. AR at 420-26. She opined that Plaintiff was limited to sedentary work, as a result of his previous pelvic fracture and gunshot wound in his left leg. AR at 422. Ms. Parks conducted range-of-motion testing, but did not apparently review Plaintiff's medical records. AR at 421. She recommended that Plaintiff obtain a pelvic x-ray to rule out arthritis, and another person's handwriting indicates on Ms. Parks's form opinion that Plaintiff's pelvic x-ray revealed no arthritis and a healed pelvic fracture. AR at 421.

The ALJ noted that Plaintiff's x-ray was inconsistent with Ms. Parks' opinion (AR at 26), and thus discounted her opinion as unsupported by objective evidence and presumably rendered in reliance on non-credible self-report. AR at 30-31. Plaintiff argues that Ms. Parks provided a written explanation to support her opinion (Dkt. 12 at 10), but does not acknowledge that Ms. Parks's explanation is inconsistent with the evidence showing that Plaintiff's pelvic fracture had healed and that he did not have arthritis in his hips. AR at 421. Thus, the ALJ did not err in discounting Ms. Parks' opinion. *See Thomas*, 278 F.3d at 958 (affirming an ALJ's rejection of an opinion based on a one-time, subjective physical examination performance, where the ALJ properly discounted the claimant's credibility).

6. *Phyllis Sanchez, Ph.D.; Carla Hellekson, M.D.; and Cassandra Clark, Ph.D.*

Plaintiff assigns error to the ALJ's assessment of mental health examiners. *See* AR at 23 (explaining why the ALJ rejected the opinions of, *inter alia*, Dr. Sanchez (AR at 381-88),

REPORT AND RECOMMENDATION - 11

1  Dr. Hellekson (AR at 427-31), and Dr. Clark (AR at 524-30)).  The ALJ noted that in light of

2  Plaintiff's diagnosed malingering during a DSHS mental evaluation (AR at 402-19), and the

3  other evidence that supported the ALJ's finding of "similar fault," any evaluation based on his

4  subjective self-reporting of symptoms — including the challenged DSHS opinions — were not

5  reliable.  AR at 23.

6        Plaintiff argues that Drs. Sanchez, Hellekson, and Clark did not rely on his self-

7  reporting, but fails to address the bulk of their form opinions, which are replete with references

8  to Plaintiff's subjective reporting.  AR at 381-88, 427-31, 524-30.  Furthermore, Dr. Sanchez

9  herself suspected that Plaintiff was malingering, and suggested that a malingering test should

10 be performed.  AR at 382.  Plaintiff has failed to establish that the ALJ erred in discounting

11 opinions based heavily on Plaintiff's self-report, which the ALJ properly found to lack

12 credibility.  *See Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009).

13 B.     <u>The ALJ Did Not Err in Assessing Plaintiff's RFC.</u>

14       Plaintiff argues that the ALJ should have found Plaintiff to be more restricted in various

15 ways, including restrictions as to postural limitations, use of a cane, and maintaining adequate

16 attendance.  Dkt. 12 at 12.  Plaintiff does not cite evidence credited by the ALJ that establishes

17 the existence of these limitations, however.  Instead, Plaintiff cites evidence rejected by the

18 ALJ (Dkt. 12 at 13-14), and the Court has already explained, *supra*, why the ALJ's assessment

19 of that evidence is proper.  Accordingly, Plaintiff has not established error in the ALJ's

20 assessment of the medical evidence related to his RFC.  *See Bayliss*, 427 F.3d at 1217-18

21 (holding that an RFC assessment need not account for limitations or impairments that the ALJ

22 properly rejected).

23       Plaintiff goes on to argue that the ALJ erred in assigning weight to the report written by

24 fraud investigators, but fails to connect this argument to any particular assignment of error.

REPORT AND RECOMMENDATION - 12

Dkt. 12 at 14-17.  He clarifies in his Reply Brief that he does not contend that the ALJ should not have admitted the fraud report (Dkt. 14 at 1-2), but essentially challenges the ALJ's adverse credibility determination to the extent it is based on the fraud report.

Plaintiff's argument is inadequate, because the ALJ provided numerous reasons to discount Plaintiff's credibility: the ALJ not only found that Plaintiff's subjective self-reporting lacked credibility, but also found that Plaintiff had "knowingly made incorrect statements and knowingly provided false information" material to the ALJ's disability evaluation.  AR at 19-22.  The ALJ referenced the fraud investigation report, along with many other inaccurate and inconsistent statements found in other parts of the record.  *Id*.  Even if, as Plaintiff claims, the ALJ erred in failing to recognize flaws in the fraud report, he has provided no challenge to the remaining reasons provided by the ALJ for rejecting his subjective statements.  Accordingly, Plaintiff has shown, at the very best, a harmless error.  *See Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008) (finding harmless the ALJ's inclusion of an erroneous reason among other valid reasons to support an adverse credibility determination).

## VIII.   CONCLUSION

For the foregoing reasons, the Court recommends that this case be AFFIRMED.  A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit by no later than **May 28, 2015**.  Failure to file objections within the specified time may affect your right to appeal.  Objections should be noted for consideration on the District Judge's motion calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **May 29, 2015**.

1    This Report and Recommendation is not an appealable order.  Thus, a notice of appeal
2 seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the
3 assigned District Judge acts on this Report and Recommendation.
4    DATED this 14th day of May, 2015.

*/s/ James P. Donohue*

JAMES P. DONOHUE
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 14